UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5372-MWF (KK) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Jesus D. Navarro v. W.L. Montgomery, Warden | | |

| Present: The Honorable | **Kenly Kiya Kato, United States Magistrate Judge** | |
|---|---|---|
| Deb Taylor | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: | |
| None Appearing | None Appearing | |

**Proceedings:** (IN CHAMBERS) ORDER: RE-INSTATING *KELLY* STAY

On July 10, 2014, Petitioner filed a Petition for Writ of Habeas Corpus, alleging four claims for relief: (1) Petitioner was denied his right to due process when the court refused to grant a new trial after the discovery of new evidence; (2) Petitioner was denied his right to due process due to ineffective assistance of counsel; (3) insufficient evidence that the attempted murder of Marvin Zelaya was willful, deliberate, and premeditated; and (4) if the court finds there is insufficient evidence to sustain the jury's true finding on the enhancement, then the sentence must be reduced from 25 years to life to 5, 7, or 9 years.  Petition, dkt. 1 at 5-6.[1]  Petitioner concedes that claims 1 and 2 have not been exhausted.  Id. at 6.

On September 25, 2014, the Court issued an Order Granting Petitioner's request to (1) voluntarily dismiss claims one and two of his Petition and (2) stay this action pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).  Dkt. 13.  The court further ordered that "[b]eginning on December 23, 2014, and every 90 days thereafter, petitioner shall file a 'Status Report' with the court, addressing the status of petitioner's state habeas petition(s) . . . ."  Id.

Petitioner failed to timely file a status report as directed.  Thus, on February 27, 2015, the Court issued an Order directing Petitioner to file a status report no later than March 13, 2015.  Dkt. 14.  The Court again warned Petitioner that failure to file a timely status report "may result in the Court vacating the stay and prohibiting Petitioner from raising any new claims in the instant action."  Id.

---

[1] The Court utilizes the pagination provided by CM/ECF.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5372-MWF (KK) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Jesus D. Navarro v. W.L. Montgomery, Warden | | |

    Petitioner again failed to timely file a status report as directed. Thus, on March 27, 2015, the Court issued an Order to Show Cause as to why the *Kelly* stay should not be vacated due to Plaintiff's failure to file a status report as directed. Dkt. 15.

    On April 21, 2015, because Petitioner had not provided a status report or responded to the Order to Show Cause, the Court lifted the stay and ordered Respondent to respond to the Petition. Dkt. 16. Respondent filed an Answer on July 6, 2015. Dkt. 21.

    However, on May 12, 2015, Petitioner filed a status report stating his unexhausted claims have been pending in a habeas petition before the "California Supreme Court" since July 3, 2014 and Respondent was ordered to respond to the petition on March 23, 2015. Dkt. 18.[2] Therefore, for the reasons set forth in the Order granting Petitioner's request for a *Kelly* stay (dkt. 13), the Court now finds it is appropriate to re-instate the *Kelly* stay.

    Petitioner is cautioned, however, that while a *Kelly* stay does not require a showing of good cause, it obligates compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" *Id.* at 1141 (internal citations omitted).

///
///
///

---

    [2]    It appears Petitioner is referring to the Petition for Writ of Habeas Corpus, which appears to have been filed in Los Angeles County Superior Court, and is attached as Exhibit A to his Motion to Stay and Abey Petition. Dkt. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5372-MWF (KK) | Date | July 16, 2015 |
|---|---|---|---|
| Title | Jesus D. Navarro v. W.L. Montgomery, Warden | | |

IT IS THEREFORE ORDERED:

1. The *Kelly* stay granted on September 25, 2014 is RE-INSTATED. This action -- now containing only claims three and four -- is hereby stayed pending exhaustion of Petitioner's state court remedies on other grounds and/or further order of this court.

2. Beginning **October 12, 2015**, and every ninety (90) days thereafter, Petitioner shall file a "Status Report" with the Court, addressing the status of Petitioner's exhaustion efforts in state court. **Petitioner is requested to provide the case number of the pending state court proceedings, if available.** Respondent may file a status report within fourteen (14) days following Petitioner's filing, if Respondent wishes to advise the Court of any developments not reported by Petitioner.

3. Within thirty (30) days after any decision by the state court on Petitioner's habeas petition, Petitioner shall advise this Court of the decision. Further, should Petitioner abandon his efforts to exhaust his state court remedies on other grounds, he shall immediately advise this court.

4. Petitioner is cautioned that if he fails to act diligently in seeking to exhaust his state court remedies or fails to act within the time frames discussed above, the Court may vacate the stay and prohibit Petitioner from raising any new claims in this action.