UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS D. NAVARRO,<br><br>　　　　　　　Petitioner,<br><br>　　　v.<br><br>MONTGOMERY,<br><br>　　　　　　　Respondent. | Case No. CV 14-5372-MWF (KK)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for a Writ of Habeas Corpus, the records on file, and the Report and Recommendation of the United States Magistrate Judge.  The Court has engaged in de novo review of those portions of the Report to which Petitioner has objected.  The Court accepts the findings and recommendation of the Magistrate Judge.  In light of Mitchell v. Valenzuela, 791 F.3d 1166, 1173–74 (9th Cir. 2015)[1], Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015), and Petitioner's Objections, the Court also makes the following additional findings.

　　　　First, the Court accepts and adopts the Magistrate Judge's August 29, 2014 order denying Petitioner's request for stay and abeyance pursuant to Rhines v.

---

[1] Mitchell, 791 F.3d at 1173-74 (holding that, in general, a magistrate judge lacks the authority under 28 U.S.C. § 636 to deny a motion to stay a habeas petition to allow for exhaustion of claims in state court).

Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005) and September 6, 2016 order lifting the stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). ECF Docket No. ("dkt.") 11 (finding Petitioner failed to satisfy the good cause requirement for a Rhines stay); Dkt. 30 (finding Petitioner's lack of diligence and failure to comply with court orders to file status reports setting forth the status of any state court exhaustion efforts warranted lifting the Kelly stay).

Second, the Court finds Petitioner is not entitled to an evidentiary hearing. In habeas proceedings, "an evidentiary hearing is not required on issues that can be resolved by reference to the state court record." Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998); see also Earp v. Ornoski, 431 F.3d 1158, 1173 (9th Cir. 2005). "It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." Totten, 137 F.3d at 1176. Here, the Magistrate Judge concluded all of Petitioner's claims could be resolved by reference to the state court record. Accordingly, the Court denies Petitioner's request for an evidentiary hearing.

Finally, to the extent Petitioner's Objections can be construed as attempting to state a claim of actual innocence, the Court declines to review this new, unexhausted claim because a petitioner is not permitted to raise new claims in objections. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Moreover, while "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," Petitioner has failed to adequately explain his delay in presenting his actual innocence claim and fails to make a credible showing of actual innocence. McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924, 1931, 1935, 185 L. Ed. 2d 1019 (2013), ("Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing [of innocence]."); see also Wallce v. Lewis, No. CV 13-4623-DMG (DFM), 2015 WL

1 | 3827682, at *7 (C.D. Cal. Feb. 2, 2015), report and recommendation adopted, 2015
2 | WL 3827688 (C.D. Cal. June 8, 2015) (noting courts are "skeptical" about actual
3 | innocence claims predicated on evidence from friends and family).
4 |     IT IS THEREFORE ORDERED that Judgment be entered (1) denying the
5 | Petition for a Writ of Habeas Corpus; and (2) dismissing this action with prejudice.

Dated: January 30, 2017

_____
HON. MICHAEL W. FITZGERALD
United States District Judge